[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE (January 3, 2003)
The plaintiffs, Drew E. Swanson and his wife, Bahige, sued the defendant Sega Ready Mix, Inc. (Sega), in a four-count complaint dated April 11, 2002. The plaintiff, Mr. Swanson, sustained chemical burns from a concrete mix delivered by the defendant. Count one alleged a violation of the Connecticut Products Liability Act (CPLA), Connecticut General Statutes § 52-572 (n) et seq. Count two alleged the reckless conduct of the defendants. Count three alleged violations of the Connecticut Unfair Trade Practices Act (CUTPA), Connecticut General Statutes §42-110a et seq. The fourth count claims Mrs. Swanson's loss of consortium.
The plaintiffs filed and served upon Burlington Construction Co., Inc. (Burlington), the co-defendant, an amended complaint dated October 29, 2002. The first four counts contained the same allegations against Sega as per the complaint of April 11, 2002. The last four counts (five to eight) were allegations against Burlington d/b/a Sega Ready Mix, and covered the same theories, CPLA, recklessness, CUTPA and consortium
On behalf of both named defendants, defense counsel filed a motion to strike portions of the complaint dated January 3, 2003. The motion to strike claims that counts two, three, six and seven must be eliminated. The plaintiff, through counsel, has objected by way of a memorandum of law dated January 29, 2003. The matter was argued on February 3, 2003.
It should be noted that Sega had previously answered the original complaint on July 26, 2002 and then submitted an amended answer and special defenses dated July 30, 2002. The plaintiffs filed a reply on July 30, 2002.
The Sega defendant, represented also by the same counsel as the codefendant, is precluded from submitting a motion to strike, having already answered the complaint. See Practice Book § 10-7. Therefore, counts two and three remain as to Sega only. It was conceded by both CT Page 2064 sides at argument that the correct entity to be identified as the defendant was Burlington Construction Company, Inc. d/b/a/ Sega Ready Mix, erroneously named Sega Ready Mix, Incorporated. In light of the court's ruling to be stated below, it is likely that an amended complaint and answer will naturally follow, this time involving the correct defendant.
The Products Liability Act of Connecticut makes it clear in unambiguous language that a product liability claim "shall be in lieu of all other claims." Connecticut General Statutes § 52-572 (n) (a). This court cannot and should not fashion a decision any other way to escape that reality. The Superior Court cannot act as the legislature acts, that is, creating new laws and amending old laws. Therefore, the motion to strike from the complaint, count six, i.e., reckless conduct, is granted.
While the court is persuaded that in theory, a CUTPA claim can stand alone beside a products liability claim, since the key underlying allegations of count six are stricken, count seven must be stricken also. See Gaetano v. Reich, 21 Conn.L.Rptr. 536, 1998 WL 128922
(Conn.Super. March 11, 1998).
John R. Downey, Judge CT Page 2065